UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYFIELD JOSEPH THIBEAUX**                              **CIVIL ACTION**

**VERSUS**                                                **NO. 18-314-JWD-EWD**

**PSYCHIATRIST, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 29, 2018.

*/s/ Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYFIELD JOSEPH THIBEAUX**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 18-314-JWD-EWD**

**PSYCHIATRIST, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On March 20, 2018, plaintiff Rayfield Joseph Thibeaux, a *pro se* litigant, filed a Civil Complaint (the "Complaint")[1] to initiate these proceedings. Plaintiff alleges that while incarcerated at Dixon Correctional Institute in 1981, Warden Burl Cain, Warden Van Buren, East Louisiana Mental Health Systems psychologist Tom Desport, and an unidentified psychiatrist at East Louisiana Mental Health Systems (collectively, "Defendants") secretly implanted a coiled wire device in his rectum.[2] Plaintiff alleges that Defendants are using the device for the purpose of remotely monitoring his activities.[3] Plaintiff seeks "a Court ordered release from the monitoring system," as well as actual and punitive damages.[4] Plaintiff claims that the wrongs alleged in the Complaint "are continuing to occur at this present time."[5] Plaintiff alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, federal question.[6]

On March 20, 2018, Plaintiff also filed an Application to Proceed In District Court Without Prepaying Fees or Costs (Short Form),[7] a Motion to Appoint Counsel[8] and a Motion to Have

---

[1] R. Doc. 1.
[2] *Id*. at pp. 4-6.
[3] *Id.* at pp. 5-6.
[4] *Id*. at p. 7.
[5] *Id*.
[6] *Id.* at p. 1.
[7] R. Doc. 2.
[8] R. Doc. 3.

Summons and Complaint Served by U.S. Marshal.[9]  On March 21, 2018, the undersigned issued an Order[10] granting the Short Form Application and setting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts which would entitle him to relief.  *See, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Following further review, it was determined that the *Spears* hearing was not necessary.  It is **RECOMMENDED** that this matter be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is further recommended that the pending Motion to Appoint Counsel and Motion to Have Summons and Complaint Served by U.S. Marshal be **DENIED as moot.**

I.    **Background and Analysis**

On March 12, 2012, this Court dismissed a previous action filed by Plaintiff in which he asserted identical claims against Warden Burl Cain, Dixon Correctional Institute ("DCI"), East Louisiana Mental Health System psychologist Tom Desport and an unidentified psychiatrist at East Louisiana Mental Health System.[11]  In dismissing the previous matter, this Court concluded that "the same or substantially similar claims" had been asserted in four previous complaints filed by the Plaintiff in federal district courts in Florida, Texas and Colorado and that the claims in the matter filed in this Court were, therefore, barred by issue preclusion.[12]  Noting the Plaintiff's

---

[9] R. Doc. 4.
[10] R. Doc. 6.
[11] *See*, *Thibeaux v. Cain, et al.*, Civ. A. No. 3:12-cv-84-BAJ-SCR, 2012 WL 832432 (M.D. La. Feb. 29, 2012), *report and recommendation adopted*, 2012 WL 832871 (M.D. La. Mar. 12, 2012).
[12] *See*, *Thibeaux*, 2012 WL 832432, at *1-2 (*citing* R. Docs. 9 & 11 in *Thibeaux v. Cain, et al.*, Civ. A. No. 1:09-cv-22154-JLK (S.D. Fla. August 5, 2009) (dismissing Plaintiff's claims that defendants Warden Cain, Desport, DCI and the unidentified psychiatrist implanted a monitoring device in him); R. Doc. 6 in *Thibeaux v. Doherty, et al.*, Civ. A. No. 1:09-cv-22949-KMM (S.D. Fla. Nov. 4, 2009) (dismissing as frivolous Plaintiff's complaint against Desport, Warden Cain and other defendants that asserted, in part, the same claims regarding the implantation of a monitoring

3

history of filing frivolous and malicious litigation, this Court imposed a monetary sanction of $70.00 and stated that Plaintiff would not be allowed to proceed *in forma pauperis* in future lawsuits unless and until that sanction was paid.[13] The Court also ordered that Plaintiff be barred from filing future complaints except upon written approval of a judicial officer of this Court.[14]

      A review of the instant Complaint demonstrates that Plaintiff seeks to assert claims that are the same or substantially similar to the claims dismissed in several previous actions. Although Plaintiff has paid the $70.00 sanction previously imposed by this Court[15] and could therefore proceed *in forma pauperis* in this matter, no information has been provided to the Court regarding whether Plaintiff has obtained prior approval from a judicial officer of this Court to file the instant

---

device); R. Doc. 12 in *Thibeaux v. Cain, et al.*, Civ. A. No. 4:10-cv-4293 (S.D. Tex. Nov. 30, 2010) (dismissing with prejudice Plaintiff's claims regarding the alleged implantation of a monitoring device as nonsensical), *appeal dismissed as frivolous,* 425 Fed. Appx. 399 (5th Cir. 2011) (warning Plaintiff that because he has a history of filing frivolous appeals, "any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions"); *Thibeaux v. Cain*, Civ. A. No. 1:11-cv-3348-BNB, 2012 WL 12949332 (D. Colo. Jan. 13, 2012) (dismissing as frivolous Plaintiff's claims against Warden Cain and Desport regarding their alleged implantation of a monitoring device), *appeal dismissed as frivolous*, 448 Fed. Appx. 863 (10th Cir. 2012)).

[13] *Thibeaux v. Cain*, Civ. A. No. 3:12-cv-84-BAJ-SCR, 2012 WL 832432, at *3 (M.D. La. Feb. 29, 2012), *report and recommendation adopted*, 2012 WL 832871 (M.D. La. Mar. 12, 2012).

[14] *Id*. After this Court's dismissal of the prior action in 2012, Plaintiff filed a Complaint on April 17, 2014 in the Western District of Louisiana against Thomas Thompson (Assistant U.S. Attorney in the Western District of Louisiana) and Tabitha Tobias and Sarah Holmes (deputy clerks of court for the United States Fifth Circuit Court of Appeals) claiming that Desport "used an illegally implanted surreptitious monitoring device [inserted in the left side of Thibeaux's buttocks] to bring Fraud upon the court," and that Tobias and Holmes "hindered and obstructed Justice" and also "used this surreptitious device" and conspired with Thompson. *See, Thibeaux v. Thompson, et al.*, Civ. A. No. 1:14-CV-0835, 2014 WL 2178262, at *1 (W.D. La. May 23, 2014). The Complaint was later dismissed due to Plaintiff's failure to pay the filing fee. *See*, R. Doc. 13 in *Thibeaux v. Thompson, et al.*, Civ. A. No. 1:14-CV-0835. Thereafter, on July 30, 2014, Plaintiff filed another Complaint in the Western District of Louisiana against Warden Cain claiming Warden Cain violated Plaintiff's civil rights by implanting a surreptitious monitoring device in Plaintiff's rectum while Plaintiff was incarcerated at DCI in 1982. *See*, *Thibeaux v. Cain*, Civ. A. No. 6:14-cv-2409, 2014 WL 4929333, at *1 (W.D. La. Oct. 1, 2014). The Complaint was ultimately dismissed as barred by the statute of limitations. *Id*. In addition, Plaintiff filed another Complaint in this Court on September 21, 2017 against Rebekah E. Gee, Secretary-Louisiana Department of Health and Hospitals, complaining that he was illegally implanted with a surreptitious monitoring device. *See*, *Thibeaux v. Gee*, Civ. A. No. 17-668-JJB-RLB, 2017 WL 6884338, at *1 (Nov. 3, 2017), *report and recommendation adopted*, 2018 WL 343890 (M.D. La. Jan. 9, 2018). The Complaint was ultimately dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e). *Id*.

[15] *See*, R. Doc. 9 in *Thibeaux v. Cain, et al.*, Civ. A. No. 3:12-cv-84-BAJ-SCR. A financial officer of the Court has confirmed that Plaintiff paid the $70.00 sanction on April 2, 2012.

4

Complaint, as required by this Court's March 12, 2012 Order.[16]  Without such approval, Plaintiff is barred from filing the instant Complaint.

Further, pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.[17]  An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[18]  Similarly, a court may dismiss *sua sponte* an *in forma pauperis* complaint which, while not technically frivolous, fails to state a claim upon which relief can be granted under either 28 U.S.C. § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6).[19]  In making a determination as to whether an i*n forma pauperis* complaint is frivolous or fails to state a claim, a court must construe the allegations of the *pro se* litigants liberally.  Such litigants are held to less stringent standards than formal pleadings drafted by lawyers.[20]

Here, Plaintiff has asserted a claim that is the same or substantially similar to the claims raised in the other five complaints identified herein.  The causes of action arise from the same series of events and allege essentially the same facts in each case, namely the alleged implantation of a monitoring device by the Defendants.  A complaint filed *in forma pauperis* that seeks "to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated" may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  Accordingly, the Complaint should be dismissed as frivolous.

---

[16] *Thibeaux v. Cain*, *et al*, Civ. A. No. 12-cv-84-BAJ-SCR, 2012 WL 832871 (M.D. La. Mar. 12, 2012).
[17] *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).
[18] *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 17281733, 118 L.Ed.2d 340 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989)); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).
[19] *Hamilton v. Trail*, Civ. A. No. 1:09-CV-496, 2011 WL 2971223, at *2 (E.D. Tex. June 14, 2011), *report and recommendation adopted*, 2011 WL 2970842 (E.D. Tex. July 21, 2011).
[20] *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## **RECOMMENDATION**

After a thorough review of the documentation submitted in the record and a review of prior complaints filed by Plaintiff in this Court and several other federal district courts alleging the same facts against the same defendants, it is the **RECOMMENDATION** of the undersigned Magistrate Judge that this matter be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further **RECOMMENDED** that the pending Motion to Appoint Counsel[21] and Motion to Have Summons and Complaint Served by U.S. Marshal[22] be **DENIED as moot.**

Signed in Baton Rouge, Louisiana, on March 29, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] R. Doc. 3.
[22] R. Doc. 4.